Filing # 142995564 E-Filed 01/31/2022 04:44:52 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL, FLORIDA

CASE NO.:

DIVISION:   CV-

CARMEN BELEN VILLEGAS
ALMESTICA,

       Plaintiff,

v.

JASON A. GRISSOM, JR. and
EAN HOLDINGS, LLC, a Foreign
Limited Liability Company,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARMEN BELEN VILLEGAS ALMESTICA, by and through her undersigned attorney, sues Defendants, JASON A. GRISSOM, JR. and EAN HOLDINGS, LLC, a Foreign Limited Liability Company, and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees, interest and costs, and Plaintiff hereby demands a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution. Notwithstanding the estimate stated by counsel in the civil cover sheet, the amount of damages is

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/01/2022 10:25:51 AM

yet to be determined since, absent settlement, that decision is committed to the jury by Article I, Section 22, of the Florida Constitution.

2. That at all times material hereto, Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA,** was and is a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant, **JASON A. GRISSOM, JR.,** was and is a resident of Merced, Merced County, California.

4. At all times material hereto, Defendant, **EAN HOLDINGS, LLC,** was and is a Foreign Limited Liability Company.

5. At all times material hereto, Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA,** was the owner and operator of a 2006 Mazda MPV, VIN #: JM3LW28A260566181.

6. At all times material hereto, Defendant, **JASON A. GRISSOM, JR.,** was the driver and operator of a 2021 Chevrolet Malibu, VIN #: 1G1ZD5ST9MF076246 owned by Defendant, **EAN HOLDINGS, LLC,** and being driven with its expressed and/or implied consent.

7. On or about April 3, 2021, on Universal Blvd. at or near street address 6000 in Orlando, Orange County, Florida, Defendant, **JASON A. GRISSOM, JR.,** negligently operated and/or maintained the above said motor vehicle so as to cause a rear-end collision with Plaintiff's stopped vehicle causing **CARMEN BELEN VILLEGAS ALMESTICA** serious injuries.

## COUNT I

## NEGLIGENCE OF JASON A. GRISSOM, JR.

Plaintiff realleges and reavers Paragraphs 1 through 7 as if fully set forth herein and further states:

8. At all times material hereto, the Defendant, **JASON A. GRISSOM, JR.**, owed a duty to the Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA**, to exercise reasonable care in the operation and control of the motor vehicle in his possession so as not to injure the Plaintiff.

9. At all times material hereto, the Defendant, **JASON A. GRISSOM, JR.**, was careless and negligent and breached the above duty in one or more of the following ways:

   a. By failing to properly operate said vehicle so as to avoid a collision with the Plaintiff;

   b. By failing to maintain a proper lookout;

   c. By failing to keep his vehicle under control;

   d. By traveling at an excessive rate of speed;

   e. By operating his vehicle in a careless manner;

   f. By driving while distracted;

   g. By failing to take appropriate evasive action;

   h. By negligently maintaining and repairing the vehicle;

   i. By failing to maintain a proper distance.

10. As a direct and proximate result of the negligence of the Defendant, **JASON A. GRISSOM, JR.**, the Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA**, was injured in and about her body and/or aggravated a pre-existing condition of injury, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered physical handicap, suffered significant scarring and disfigurement, suffered psychological and emotional injuries, suffered loss of wages, and her working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of an important bodily function, and has lost the capacity for the enjoyment of life.

11.	In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE,** the Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA** demands judgment for compensatory damages against the Defendant, **JASON A. GRISSOM, JR.,** for an amount in excess of $30,000.00, together with costs and demands trial by jury of all issues triable as of right by a jury.

## COUNT II

### IMPUTED NEGLIGENCE OF EAN HOLDINGS, LLC -DANGEROUS INSTRUMENTALITY DOCTRINE-

Plaintiff realleges and reavers Paragraphs 1 through 7 as if fully set forth herein and would further state:

12.	At all times material hereto, the Defendant, **EAN HOLDINGS, LLC,** owned or had custody and control of said 2021 Chevrolet Malibu, a Dangerous Instrumentality, operated and driven by Defendant, **JASON A. GRISSOM, JR.,** with the knowledge and consent of the Defendant, **EAN HOLDINGS, LLC.**

13.	At all times material hereto, the Defendant, **JASON A. GRISSOM, JR.,** owed a duty to the Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA** to exercise reasonable care in the operation and control of the vehicle in his custody and control so as not to injure the Plaintiff.

14.	At all times material hereto, the Defendant, **JASON A. GRISSOM, JR.,** was careless and negligent and breached the above duty in one of more of the following ways:

    a.    By failing to properly operate said vehicle so as to avoid a collision with the Plaintiff;

    b.    By failing to maintain a proper lookout;

    c.    By failing to keep his vehicle under control;

    d.    By traveling at an excessive rate of speed;

    e.    By operating his vehicle in a care less manner;

    f.    By driving while distracted;

    g.    By failing to take appropriate evasive action;

    h.    By negligently maintaining and repairing the vehicle;

    i.    By failing to maintain a proper distance.

15. The aforesaid negligent acts and omissions of the Defendant, **JASON A. GRISSOM, JR.**, are imputed to the Defendant, **EAN HOLDINGS, LLC**, under the Dangerous Instrumentality Doctrine.

16. As a direct and proximate result of the negligence of the Defendant, **JASON A. GRISSOM, JR.**, the Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA** was injured in and about her body and suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered physical handicap, suffered psychological and emotional injuries, suffered loss of wages, and her working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

17. In that the injuries suffered by Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of earning capacity, and will be further compelled to expend

great sums of money for medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, the Plaintiff, **CARMEN BELEN VILLEGAS ALMESTICA** demands judgment for compensatory damages against the Defendant, **JASON A. GRISSOM, JR.**, and Defendant, **EAN HOLDINGS, LLC**, together with costs, and demand a trial by jury of all issues triable as of right by a jury.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing will be served on the Defendants by private process server.

FARAH & FARAH, P.A.

/s/ John C. Thomas
**JOHN C. THOMAS, ESQUIRE**
FL Bar No.: 22077
10 West Adams Street
Jacksonville, FL 32202
(904) 515-2578 (Direct / Fax)
Primary: jthomas@farahandfarah.com
Secondary: mwomble@farahandfarah.com

**ATTORNEY FOR PLAINTIFF**